| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| ALEXANDER ARELLANO,<br><br>    Plaintiff,<br><br> v.<br><br>DOLLAR TREE STORES, INC.,<br><br>    Defendant. | Case No. 1:22-cv-01147-AWI-CDB<br><br>**ORDER RECOMMENDING DISMISSAL WITH PREJUDICE FOR FAILING TO COMPLY WITH THE COURT'S ORDERS**<br><br>(ECF No. 12) |

Plaintiff Alexander Arellano commenced this action on December 30, 2021, with the filing of a complaint in the Superior Court for Kern County. (ECF No. 1). Following the filing of an amended complaint and defendant's answer, the case was removed to this Court on September 8, 2022. The following day (September 9, 2022), the Clerk of Court directed Plaintiff's attorneys Karin Mayelan and Liana Ter-oganesyan to register for admission to this Court. (ECF No. 6).

Plaintiff's attorneys failed to comply with the Court's direction. Thus, on November 17, 2022, the Court issued an Order to Show Cause (OSC) directing Plaintiff's attorneys to respond in writing why they should not be sanctioned for failing to timely register for admissions to this Court. (ECF No. 12). The OSC ordered Plaintiff's attorneys to file a status report or appropriate registration papers within seven days (*e.g.*, not later than November 24, 2022).

To date, Plaintiff's attorneys have not complied with the Court's OSC. Accordingly, the

undersigned recommends that his action be dismissed with prejudice.

## DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions, including, where appropriate ... dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and failure to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423–24; *see also Ferdik*, 963 F.2d at 1260–61; *Thompson*, 782 F.2d at 831. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

Here, the undersigned recommends that the Court find that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendant, also weighs in favor of

dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.  The OSC expressly ordered Plaintiff to file a statement showing cause why the Court should not recommend to the presiding district court judge that this action be dismissed for failing to comply with the Court's November 17, 2022, order requiring the filing of proof of admission or a status report explaining Plaintiff's counsel's admission efforts.  (ECF No. 12) Thus, Plaintiff's counsel had adequate warning that sanctions, up to and including dismissal of the case, would result from their noncompliance with the OSC.

Despite the Court's OSC, Plaintiff's counsel has exhibited no intent to seek admission in the Eastern District of California – as evidenced by their lack of responsiveness to the Clerk's notice on September 9, 2022, and to the Court's order on November 17, 2022.  Pursuant to Local Rule 110 and the Court's inherent power to sanction, the undersigned RECOMMENDS that this case be DISMISSED with prejudice.

### CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that this case be DISMISSED with prejudice for failing to comply with the Court's OSC entered November 17, 2022, ordering admission to the Eastern District of California.

The Court further DIRECTS the Clerk to send a copy of this order to Plaintiff at his address listed on the docket for this matter.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge

will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 1, 2022**

UNITED STATES MAGISTRATE JUDGE