UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ALEXANDER ARELLANO, | Case No. 1:22-cv-01147-AWI-CDB |
|---|---|
| Plaintiff, | ORDER REQUIRING THE PARTIES TO FILE DISPOSITIONAL DOCUMENTS |
| v. | (ECF No. 19) |
| DOLLAR TREE STORES, INC., | |
| Defendant. | **TWENTY-ONE DAY DEADLINE** |

On December 14, 2022, the parties filed a Joint Notice of Settlement in which they represented they had "reached a settlement agreement" and requested the Court order the filing of dispositional documents no earlier than 30 days thereafter. (ECF No. 14). Consistent with Local Rule 160(b), which requires the parties to file dispositional documents within 21 days following notice of settlement absent a showing of good cause, the Court granted the parties' request and ordered the filing of dispositional documents 30 days later (by January 13, 2023). (ECF No. 16).

On the date set as the deadline for filing dispositional documents, the parties instead filed a Joint Status Report. (ECF No. 17). In that filing, the parties acknowledge that the settlement agreement has been signed but that Defendant is unable to issue a settlement check pending Plaintiff's confirmation from DHCS/Medi-Cal whether there is a lien that must be satisfied out of the proceeds of the settlement. (*Id.*). On the parties' request, the Court continued the deadline to file dispositional

documents to February 13, 2023.  (ECF No. 18).

On the continued date set as the deadline for filing dispositional documents, the parties filed another Joint Status Report seeking an additional 60 days within which to file dispositional documents.  (ECF No. 19).  The parties represented to the Court that despite their best efforts, DHCS/Medi-Cal has not provided confirmation whether they are asserting a statutory lien.  (*Id*.).

Based on the parties' representations, the Court concludes they have failed to demonstrate good cause to further delay adherence to the Court's order that they file dispositional documents. Since it is clear from the parties' filings that they have settled their respective claims, the claims are subject to dismissal under Federal Rule of Civil Procedure 41(a)(2) even though the parties have not complied with the Court's order to file dispositional documents or a stipulation for dismissal.  This dismissal order could issue since "literal compliance with the stipulation requirement has not been required where the agreement of all parties is apparent." *Garber v. Chicago Mercantile Exchange*, 570 F.3d 1361, 1366 (Fed. Cir. 2009) (internal citation and quotations omitted).  Accord, *Eitel v. McCool*, 782 F.2d 1470, 1472-73 (9th Cir. 1986) (explaining that "[t]he court reasonably concluded that the parties had the requisite mutual intent to dismiss the action with prejudice" when the court "f[ound] that the parties' ... representations to the court agreeing to a dismissal with prejudice constituted a voluntary stipulated dismissal under Rule 41(a)(1)(ii)").

Whether a third party maintains a lien and has and intends to exercise recourse to some or all of the anticipated settlement proceeds is a question that does not bear on the parties' representation that a settlement agreement is signed resolving the dispute before this Court.

Accordingly, the Court extends one final opportunity for the parties to file dispositional document as previously directed, and **ORDERS** the parties to file dispositional documents within **21 days** of the date of this order.

IT IS SO ORDERED.

Dated:   **February 15, 2023**

UNITED STATES MAGISTRATE JUDGE